IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN PEARL,                              :
        Petitioner,              :     1:16-cv-0689
v.                                        :     Hon. John E. Jones III
                                          :
DEPUTY WARDEN LARSON, PA                  :
STATE ATTORNEY GENERAL,                   :
        Respondents.             :

## **MEMORANDUM**

### **August 10, 2016**

On November 14, 2011, Petitioner Bryan Pearl ("Petitioner"), was sentenced in the Court of Common Pleas of Luzerne County, Pennsylvania, to a "mandatory minimum" five to ten year sentence following pleas of guilty to Conspiracy in violation of 18 PA.CONS.STAT.ANN. § 903, Possession with Intent to Deliver in violation of 35 PA.CONS.STAT.ANN. § 780-113 at criminal case CP-40-CR-0002282-2010, and Delivery of Controlled Substance in violation of 35 PA.CONS.STAT.ANN. § 780-113, in criminal case CP-40-CR-0001671-2011.  (Doc. 1, pp.1, 2; *see also* electronic dockets found at http://ujsportal.pacourts.us).  On April 26, 2016, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his mandatory minimum sentence.  (Doc. 1).  For the reasons set forth below, the petition will be denied as untimely.

I. **Background**

Petitioner states that he did not pursue an appeal following sentencing because he "had ineffective counsel who filed no appeals on [his] behalf." (Doc. 1, p. 2). There is no record of the filing of an appeal on either criminal docket. (*See* electronic dockets, CP-40-CR-0002282-2010 and CP-40-CR-0001671-2011). Nor is there any indication that he filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-46, in either matter. (*Id.*)

He contends that his mandatory minimum sentence is in violation of the Prison Reform Act and is excessive and illegal. (Doc. 1, pp. 6-8). He "would like the courts to set aside [his] mandatory minimum sentence, and allow [him] to be resentence[d] under the new current laws and sentencing guidelines." (Doc. 1, p. 8).

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr.

24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

     Petitioner was sentenced on November 14, 2011. His time for pursuing a direct appeal expired on December 14, 2011, at which time his judgment became final. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the federal petition, that was filed on April 26, 2016, is patently untimely.

     The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of limitations in the matter *sub judice* began running on December 14, 2011, and expired one year later.  Petitioner did not pursue post-conviction relief and, hence, did not statutorily toll the statute.  The federal petition which was received in this court on April 26, 2016, was filed long after the expiration of the limitations period.  Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish two elements:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic dockets reveals that Petitioner failed to exercise reasonable diligence throughout the limitations period.  He presents absolutely no evidence and makes no argument, other than a conclusory statement contained in the petition that he had ineffective counsel who failed to file an appeal on his behalf, to explain his failure to pursue any state court remedies, or for his delinquency in seeking relief in federal court.  (Doc. 1, p. 2).  Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief in either forum.  In fact, he has not responded in any manner to the Court Order concerning the timeliness of the petition and has not replied to the Respondent's conclusion that the petition is untimely.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

### IV. <u>Certificate of appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      An appropriate order will enter.